**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KAULANA ALO-KAONOHI, <br><br> Defendant - Appellant. | No. 23-373 <br><br> D.C. No. 1:20-cr-00136-JMS-1 <br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KAULANA ALO-KAONOHI <br><br> Defendant - Appellee. | No. 23-635 <br><br> D.C. No. 1:20-cr-00136-JMS-1 |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 6, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant Kaulana Alo-Kaonohi appeals his conviction for committing a hate crime in violation of 18 U.S.C. § 249(a)(1), and the Government cross-appeals the district court's imposition of a 78-month sentence followed by three years of supervised release.[1]  We review de novo questions of law, including the district court's interpretation of the Sentencing Guidelines. *United States v. Mongol Nation*, 56 F.4th 1244, 1250 (9th Cir. 2023); *United States v. Rivera-Gomez*, 634 F.3d 507, 512 (9th Cir. 2011).  We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction, vacate the sentence, and remand for resentencing.

1.  Defendant contends that a new trial is necessary because the Government submitted an invalid legal theory of guilt to the jury.  During closing argument, the Government argued that, to satisfy the element of but-for causation in § 249(a)(1), the victim's race need only have constituted "a tiny, tiny factor" in, or "a really tiny reason" for, the assault.  In *Burrage v. United States*, 571 U.S. 204 (2014), the Supreme Court explained that where a predicate factor "combines with other factors to produce the result," that predicate factor qualifies as a but-for cause of that result "so long as the other factors alone would not have done so—if, so to speak, it was the straw that broke the camel's back." *Id.* at 211.  While *Burrage* did not expressly endorse the Government's argument that race need only have

---

[1] Because the parties are familiar with the facts, we do not recount them here.

been "a tiny, tiny factor" or "a really tiny reason," we need not decide whether the Government misstated the applicable standard for causation because Defendant concedes that the jury instructions properly described that standard. "The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." *United States v. Medina Casteneda*, 511 F.3d 1246, 1250 (9th Cir. 2008) (citation omitted). Because the instructions did not permit the jury to decide guilt under a legally insufficient theory, *see United States v. Turchin*, 21 F.4th 1192, 1202 (9th Cir. 2022), Defendant's argument fails.

2. We reject Defendant's contention that applying § 249 "to protect someone of the oppressing demographic" exceeds the scope of Congress's enforcement authority under the Thirteenth Amendment. By enacting § 249(a)(1), "Congress rationally concluded that racial violence imposes a badge and incident of slavery on its victims," and therefore acted within its broad enforcement authority under § 2 of the Thirteenth Amendment. *United States v. Hougen*, 76 F.4th 805, 814-15 (9th Cir. 2023). And that authority empowers Congress "to legislate in regard to 'every race and individual.'" *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 288 n.18 (1976) (citation omitted); *see also Bailey v. Alabama*, 219 U.S. 219, 241 (1911) (noting that the Thirteenth Amendment is a "charter of universal civil freedom for all persons, of whatever race, color, or estate, under the flag").

3. Defendant concedes that his facial challenge to § 249(a)(1) is foreclosed by our precedent. *See Hougen*, 76 F.4th at 814-16.

4. Section 249(a)(1) does not violate federalism principles. Because Congress enacted § 249(a)(1) pursuant to its power under the Thirteenth Amendment, its authority is limited by the test articulated in *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968), not the Commerce Clause precedents identified by Defendant. *See* 34 U.S.C. § 30501(7); *Hougen*, 76 F.4th at 814. Congress may legislate against the badges and incidents of slavery pursuant to the Thirteenth Amendment by "regulat[ing] the conduct of private individuals." *Jones*, 392 U.S. at 438-39. Moreover, because § 249(a)(1) limits its reach by requiring that victims be harmed *because of* their race, Congress did not "create a general, undifferentiated federal law of criminal assault." *See United States v. Allen*, 341 F.3d 870, 884 (9th Cir. 2003) (citation omitted).

5. The Government challenges the district court's conclusion at sentencing that it could not apply the hate crime sentencing enhancement under U.S. Sentencing Guidelines Manual (USSG) § 3A1.1(a). The hate crime enhancement provides for a three-point increase "[i]f the finder of fact at trial or, in the case of a plea of guilty or *nolo contendere*, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim . . . because of the actual or perceived race[] [or] color . . . of any person." USSG § 3A1.1(a).

4                                                    23-373

Because Defendant was convicted at trial, the requisite finding of a hate crime motivation must have been made by the jury, not the district court. *See id.* The jury found Defendant guilty of violating § 249(a)(1), without a special finding on "intentional[] selection." *See id.* Under our precedent, this finding suffices for imposition of the enhancement.[2]

In *United States v. Armstrong*, 620 F.3d 1172 (9th Cir. 2010), we considered a case in which a defendant argued that his co-defendant made the initial selection of the victim of a racially motivated assault, and held that the imposition of the enhancement was improper because the jury did not find that the defendant himself "selected" the victim. *Id.* at 1175. We concluded that a jury finding of guilt under 18 U.S.C. § 245(b)(2)(F),[3] a hate crime, justified the imposition of § 3A1.1, and that a "separate finding as to *selection*" was unnecessary because the defendant

---

[2] The district court correctly recognized that the language of § 3A1.1 requires "the jury . . . to have necessarily found this element . . . for [the court] to apply the three-level enhancement," and explained that "if there's a jury trial you look at what the jury determined, and if there's a plea you look -- the judge makes the determination." The district court ultimately concluded, however, that the jury's verdict did not necessarily encompass a finding of intentional selection and stated that the proper approach would have been to submit a special interrogatory to the jury. The district court acknowledged that "[i]f the finding under [§] 3A1.1 was [the court's], [it] would have" imposed the enhancement, as Defendant "targeted [the victim], at least in part because of race."

[3] 18 U.S.C. § 245(b)(2)(F) makes it a crime to use force or the threat of force to willfully injure, intimidate, or interfere with a person because of his race or color and because of his use of a public establishment.

"selected" the victim of his actions in the relevant sense "by using force to injure, threaten, or intimidate [the victim] merely because of his race." *Id.* at 1175-76. By finding the defendant guilty, the jury "was asked to and did find that [the victim] was the victim of [the defendant]'s attack because of his race." *Id.* at 1176. This was "sufficient reason to impose the enhancement." *Id.*[4]

Here, the jury found that Defendant committed his assault because of the victim's race or color, § 249(a)(1), and thus necessarily found that Defendant intentionally selected the victim because of his race or color. *See Armstrong*, 620 F.3d at 1175 (holding that because the jury found the defendant "acted because [the victim] is African American," the district court "acted properly in imposing the three-level enhancement"). The jury's finding provided a sufficient basis to impose the enhancement, and the district court erred in its contrary interpretation of the Guidelines.[5] We accordingly vacate the sentence and remand for

---

[4] *See also United States v. Sherifi*, 107 F.4th 309, 319 (4th Cir. 2024) (holding that no special jury finding is required); *United States v. Pospisil*, 186 F.3d 1023, 1031 (8th Cir. 1999) (same).

[5] We note that if § 3A1.1 did not apply, Defendant's guideline calculation would begin with the base offense level for aggravated assault, with no additional penalty for committing a hate crime. The base offense level for a violation of § 249 is dictated by § 2H1.1, USSG app. A, which instructs to apply "the offense level from the offense guideline applicable to any underlying offense," USSG § 2H1.1(a)(1). The underlying offense guideline for aggravated assault is § 2A2.2(a), which applies to all aggravated assaults and does not include any

resentencing.[6]

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

additional penalties for assaults that target victims because of a protected characteristic.

[6] Defendant's motion to take judicial notice of his state court sentencing transcript (No. 23-373, Dkt. 26; No. 23-635, Dkt. 18) is GRANTED. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).